## W. W. FOSTER, ETC., *v.* T. T. SHREVE, ETC.

**New Trial After Affirmance By Court of Appeals—Attorney's Want of Knowledge as to Facts in Possession of Witness.**

It is not alleged that the witness did not, when his deposition was given, recollect every fact connected with the transaction, and no reason is given why such facts were not then elicited, except that appellant's attorney did not know that he could make such proof by the witness and, therefore, failed to examine him in reference to these facts.

**Held,** that such diligence as would authorize a new trial is not presented.

### APPEAL FROM BATH CIRCUIT COURT.

April 23, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

By the opinion delivered in this case upon a former appeal, this court adjudged that the judgment appealed from was erroneous in so far as it failed to determine that the heirs of G. W. Rogers were estopped to assert claim against Foster for any portion of the one hundred and twenty acres of land conveyed to him out of the three-hundred-acre tract devised to Mrs. Susanna Rogers by her father, Weathers Smith, and also in so far as it failed to charge Foster with the price of the slave, Alfred, and the cost of certain other slaves. The concluding paragraph of the opinion is in these words:

"In all others respects, except as herein specified, the judgment is *approved,* but for the errors pointed out the judgment is reversed on the original appeal, and on the cross-appeal so

far as the price for which the slave, Alfred, was sold was refused and the cause is remanded for further proceedings consistent herewith."

In so far as it was adjudged that Mrs. Asberry, and the children of Mrs. Shreve were entitled to portions of the land conveyed to appellant, the judgment was not reversed but was "approved," and the further proceedings to be had were to be consistent with such approval.

The case as to the heirs of G. W. Rogers, was reopened by the reversal, but as complete relief could not be afforded appellant as against these heirs without damaging Mrs. Asberry and the heirs of Mrs. Shreve with further litigation upon this branch of the controversy, the judgment was not disturbed. In other words, as to them the judgment upon this branch of the case was affirmed, and appellant could not disturb it by subsequent proceedings, except by petition for a new trial.

His amended answer does not show that he used reasonable diligence prior to the first trial to discover the proof upon which he now relies for relief as against Mrs. Asberry and the children of Mrs. Shreve.

His principal witness, Dr. Barnes, gave two depositions before the rendition of the original judgment, the last one relating almost exclusively to the circumstances attending the conveyance by Mrs. Foster to appellant of the land in contest.

It is not alleged that Barnes did not, when this deposition was given, recollect every fact connected with the transaction, and no reason is given why such facts were not then elicited, except that appellant's attorney did not know that he could make such proof by the witness, and therefore, failed to examine him in reference to these facts. An examination of the last deposition given by Dr. Barnes shows that it was almost impossible for him to have detailed the facts held to estop the heirs of G. W. Rogers, without disclosing the participation of Mrs. Shreve and Mrs. Asberry in the transaction. Besides this, he proves that appellant was himself present, and knew as much about the transaction as the witness. It is possible that he may have forgotten that which he was so much interested in remembering, but the very many important facts his amended petition shows him to have forgotten conduces very

strongly to show that he was grossly negligent in the preparation of his case from its beginning up to the promulgation of the opinion of this court.

We are of opinion that his amended answer does not set up such a state of facts as would authorize a new trial as to these appellees, and that the defects of the pleading are not made good by the proof, even if appellees by their answer waived the right to object to such defects.

Judgment *affirmed*.

*Wadsworth, Turner, Apperson & Reid, for appellants.*

*Nesbitt & G., Huston & S. S. Goodloe, for appellees.*